# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER, <br><br> Plaintiff, <br><br> vs. <br><br> ADA COUNTY SHERIFF DPUTY LOSH; ADA COUNTY; and ADA COUNTY SHERIFF DEPUTY MARQUARDT, <br><br> Defendants, | Case No.: 1:15-cv-00029-REB <br><br> **MEMORANDUM DECISION AND ORDER RE: MOTION TO STAY ORDER SETTING TRIAL** <br><br> **(Docket No. 114)** |

Pending before the Court is Defendant Ada County Sheriff Deputy Marquardt's Motion to Stay Order Setting Trial (Dkt. 114). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

1. Plaintiff William Fletcher initiated this action on February 2, 2015, arising out of the undisputed use of force against Mr. Fletcher by Defendant Ada County Sheriff Deputy Marquardt at the Ada County Jail on the evening of August 7, 2013. According to Mr. Fletcher:

> Ada County Sheriff Deputy Marquardt harassed, slammed Plaintiff hard on floor face first, as Plaintiff was on ground in handcuffs – Ada County Sheriff Deputy Marquardt punched the Plaintiff in the lower spinal cord area of his back with hard object. Ada County Sheriff Deputy Marquardt choke Plaintiff with his forearm.

Am. Prisoner Compl., p. 2 (Dkt. 9).[1]

2. Deputy Marquardt's account is unsurprisingly different, claiming that:

> Mr. Fletcher became argumentative with Deputy Marquardt after the deputy stopped and questioned him about suspicious movement on the tier. After stepping

---

[1] Plaintiff was a pretrial detainee in the Ada County Jail at the time of the events described in his Amended Prisoner Complaint. *See* Am. Prisoner Compl., p. 2 (Dkt. 9).

**MEMORANDUM DECISION AND ORDER - 1**

inside a nearby cell, Mr. Fletcher grew more verbally and physically aggressive. He then ignored instructions to face the wall and actively resisted the deputy's efforts to secure him. When Mr. Fletcher attempted to push off the wall towards Deputy Marquardt, the deputy delivered a leg strike to bring the inmate to the ground. Mr. Fletcher attempted to get up and out of the deputy's control. He continued to actively resist on the ground until Deputy Marquardt delivered a single strike with his fist to the inmate's right side. The deputy was then able to secure Mr. Fletcher in handcuffs and escort him out to a holder cell.

Mem. ISO MSJ, p. 2 (Dkt. 64-1). From this, Deputy Marquardt moved for summary judgment (Dkt. 64), arguing that he is entitled to summary judgment on the basis of qualified immunity.

3. On September 27, 2017, the Court denied Deputy Marquardt's Motion for Summary Judgment, concluding that, "owing to the disputed material facts that necessarily exist when trying to understand what took place between Mr. Fletcher and Deputy Marquardt in Cell 844, it cannot be said as a matter of law that either (1) no excessive use of force took place, or (2) if so, Deputy Marquardt is entitled to qualified immunity." 9/27/17 MDO, p. 19 (Dkt. 89). On October 23, 2017, Deputy Marquardt appealed (Dkt. 92).

4. On February 15, 2019, the Ninth Circuit affirmed the Court's denial of Deputy Marquardt's Motion for Summary Judgment, reasoning in relevant part:

> A material dispute of fact exists regarding whether Marquardt gave Fletcher instructions before striking him. Fletcher's subjective complaints of pain from blows are also disputed. These disputes cannot be reconciled by simply adopting Marquardt's contentions. The district court did not err in finding the record presented genuine issues of material fact on whether the force Marquardt purposefully used against Fletcher was objectively unreasonable.
>
> Marquardt argues there is no clearly established law that would inform a reasonable deputy facing these specific facts that he could not employ the force used to obtain compliance. Viewing the evidence in the light most favorable to Fletcher, Fletcher was compliant and did not provoke Marquardt. The law is clearly established that a reasonable correctional officer cannot administer strong blows upon a compliant pretrial detainee without violating the detainee's right under the Fourteenth Amendment's Due Process Clause to be free from objectively unreasonable force purposely used against him. The district court did not err in denying Marquardt's motion for summary judgment based on qualified immunity

Mem., pp. 2-3 (Dkt. 99) (internal citation omitted).

**MEMORANDUM DECISION AND ORDER - 2**

5.     On April 16, 2019, the Ninth Circuit denied the petition for rehearing and petition for rehearing en banc (Dkt. 103), and the February 15, 2019 judgment took effect on April 24, 2019 (Dkt. 106).

6.     On May 20, 2019, the Court entered an Order Setting Trial, establishing a November 18, 2019 trial date, with pre-trial briefing and material submission deadlines beginning on October 15, 2019. *See* Order Setting Trial (Dkt. 112).

7.     On July 11, 2019, Deputy Marquardt filed a Petition for Writ of Certiorari with the United States Supreme Court. *See* 7/16/2019 Notice (Dkt. 113).

8.     On July 16, 2019, Deputy Marquardt filed the at-issue Motion, requesting that the Court stay the May 20, 2019 Order Setting Trial "pending a determination regarding Deputy Marquardt's Supreme Court Petition." Mem. ISO Mot. to Stay (Dkt. 114-1) (citing Sup. Ct. R. 23).[2]

9.     On August 1, 2019, Mr. Fletcher's appellate counsel requested an extension of time to file Mr. Fletcher's opposition to Deputy Marquardt's Petition for Writ of Certiorari. *See* Supp. ISO Mot. to Stay (Dkt. 115). Deputy Marquardt did not object to the extension. *See id*. On August 5, 2019, the Supreme Court granted the request for extension of time to file the opposition brief to September 13, 2019. *See id*.

10.    Though assigned appellate counsel, Mr. Fletcher is appearing pro se in the instant action. *See* 4/29/19 Notice ("Despite extensive efforts to locate pro bono counsel, the Court has been unable to do so."). To date, Mr. Fletcher has not responded to Deputy Marquardt's Motion. *But see* 5/9/19 Notice (Dkt. 111) (responding to Court's request that parties submit stipulated list

---

[2] This Memorandum Decision and Order does not discuss the propriety of Supreme Court Rule 23's application here, or any other authority for seeking a stay of the instant action in light of the procedural circumstances at play, including, for example, 28 U.S.C. § 2101(f). Suffice it to say, Deputy Marquardt simply seeks to stay the proceedings, owing to his recent Petition for Writ of Certiorari with the Supreme Court.

**MEMORANDUM DECISION AND ORDER - 3**

of available trial dates from November 2019-February 2020, Mr. Fletcher characterizing Deputy Marquardt's anticipated appeal as "frivolous and a tactic to continue to string the case along until the plaintiff gives up on it or just lets it go.").

## DISCUSSION

Generally speaking, the filing of an interlocutory appeal of a court's denial of qualified immunity automatically divests the district court of jurisdiction to proceed with trial on the issues involved in the appeal. *See City of L.A. Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that denials of qualified immunity can be appealable). This is so because "[q]ualified immunity is immunity from suit, not just a defense to liability." *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). The immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. A subsequent appeal from final judgment does not provide effective review. *See id.* at 526-27.

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This power also comes from "the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)). The decision whether to stay a civil action is left to the sound discretion of the district court. *Rohan*, 334 F.3d at 817.

In deciding whether to stay a pending proceeding, a court should weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal

quotation marks omitted). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay." *Id*. (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).[3]

Deputy Marquardt's Motion implicates two well-intended principles that are seemingly irreconcilable under the particular facts of this case. The Court is asked to honor the policy objectives underlying the qualified immunity doctrine by staying the action in light of his recent Petition for Writ of Certiorari in a case that has already been pending since February 2, 2015; at the same time, the Court's case management responsibilities should advance the goals articulated in FRCP 1: "the just, speedy, and inexpensive determination of every action and proceeding." In this setting, even *if* the Court accepts as true that the Supreme Court would vote to grant certiorari and that it would reverse the Ninth Circuit (which the Court is absolutely not convinced of here), the likelihood of irreparable harm to Deputy Marquardt if the Court were to deny the stay is outweighed by the harm to Mr. Fletcher if the Court were to grant the stay.

It is true that, in the event a stay is not granted, the parties may incur the expenses associated with trial preparation while awaiting the Supreme Court's consideration of Deputy Marquardt's Petition. Even so, such a burden falls entirely on the shoulders of the parties'

---

[3] More relevant here, when a litigant asks the district court for a stay pending a Petition for Writ of Certiorari, courts have held that a litigant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Supreme Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the litigant's position, if the judgment is not stayed. *See Packwood v. Senate elect Comm. on Ethics*, 510 U.S. 1319, 1319-20 (1994). Even if a litigant satisfies all three elements, a stay may still be denied when the equities do not weigh in favor of the stay. *See Barnes v. E-Systems, Inc. Group Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991). It is necessary to balance the equities – to explore the relative harms to applicant and respondent, as well as the interests of the public at large. *See id*.

**MEMORANDUM DECISION AND ORDER - 5**

counsel such that the performance of Deputy Marquardt's duties will in no way be materially impacted (at least until trial). In other words, the additional cost to Deputy Marquardt himself will not be burdensome and, importantly, does not constitute the type of irreparable harm that stays are aimed at preventing. *See, e.g.*, *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) ("'Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough.'"). (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). A different situation might be presented if the case were set for immediate trial, but, in fact, the trial date is not until November 2019. The Supreme Court may decide Deputy Marquardt's Petition by that time and, if it grants certiorari, the Court will then stay its proceedings.[4] Thus, Deputy Marquardt will not suffer the harms which the doctrine of qualified immunity shields him from by denial of the stay.

On the other hand, the asserted interference with Mr. Fletcher's constitutional rights occurred in August 2013; even without a stay, it will be more than six years before he receives a trial. Likewise, this case was filed more than four years ago, and it has been almost two years since the Court denied Deputy Marquardt's Motion for Summary Judgment, with the appeal to the Ninth Circuit already postponing a final adjudication of this action for over a year-and-a-half. The Court therefore concludes that the balance of equities weigh against Deputy Marquardt's request; unless the Supreme Court decides to grant certiorari, the Court is loathe to lose the currently-set trial date. Deputy Marquardt's Motion is denied.

///

///

---

[4] If the Supreme Court has not acted on Deputy Marquardt's Petition by the time trial is scheduled to begin, Deputy Marquardt may renew his request for a stay; in the meantime, however, the Court will not postpone trial preparation simply due to his Petition for Writ of Certiorari.

**MEMORANDUM DECISION AND ORDER - 6**

# **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Ada County Sheriff Deputy Marquardt's Motion to Stay Order Setting Trial (Dkt. 114) is DENIED.

DATED: September 17, 2019

Ronald E. Bush
Chief U.S. Magistrate Judge